CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 2 2 2010

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN RAY STEWART,<br>                      *Defendant.* | CASE NO. 6:10-cr-00015<br><br>ORDER AND MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court upon Defendant's Motion to Dismiss the Indictment (docket no. 14). Defendant Steven Ray Stewart ("Defendant") asserts that he was convicted in 1989 of aggravated sexual battery in the Lynchburg Circuit Court in the Commonwealth of Virginia. Defendant claims that he subsequently registered as a sex offender in Virginia, and in May, 2010, traveled or moved to Lexington, Kentucky. On October 7, 2010, Defendant was charged in a one-count indictment with traveling in interstate or foreign commerce on or about May 2, 2010 and knowingly failing to register or update a registration as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq*, and in violation of the federal failure to register statute ("FFR"), 18 U.S.C. § 2250(a).

      Pursuant to Federal Rule of Criminal Procedure 12(b)(3), Defendant moves for dismissal of the indictment on two grounds: (1) venue in the United States District Court for the Western District of Virginia is improper, and (2) SORNA and the FFR are unconstitutional because they constitute improper delegations of a legislative function.

The first question is one of venue. Venue lies in the state and district where the crime is alleged to have occurred. *Travis v. United States*, 364 U.S. 631, 634 (1961); *United States v. Bowens*, 224 F.3d 302, 308-09 (4th Cir. 2000); *see also* Fed. R. Crim. P. 18. In offenses of omission, venue lies where the defendant was supposed to have taken an action that he failed to take. *Johnston v. United States*, 351 U.S. 215, 221-22 (1956); *United States v. Murphy*, 117 F.3d 137, 140 (4th Cir. 1997). If the crime consists of distinct parts occurring in different places, venue is proper where any part of the crime occurred. *United States v. Lombardo*, 241 U.S. 73, 77 (1916); *see also* 18 U.S.C. § 3237(a) (stating that any offense against the United States "begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed").

Defendant argues that venue is proper only in Kentucky because that is the location where he allegedly committed an illegal act—failing to register as a sex offender. SORNA requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). To keep the registration current, a sex offender "shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." 42 U.S.C. § 16913(c).

The question is thus whether Virginia is a "jurisdiction involved" for the purposes of subsection (a). If so, then Defendant's omission has occurred in both states, and can be prosecuted in either district. Virginia was at one time a jurisdiction of residency for the Defendant. Due to his failure to re-register, it remained his nominal residence according to the sex offender registries. Therefore, I find that Virginia was "involved" in the sense used by SORNA. *See United States v.*

*Roberts*, No. 6:07-cr-70031, 2007 U.S. Dist. LEXIS 54646, at *8-9, 2007 WL 2155750 (W.D. Va. July 27, 2007), *rev'd on other grounds, United States v. Hatcher*, 560 F.3d 222 (4th Cir. 2008); *United States v. Turner*, No. 4:08-cr-00034, 2009 U.S. Dist. LEXIS 49422, at *20-21, 2009 WL 1650885 (W.D. Va. June 12, 2009). Prosecution in Virginia satisfies the venue requirements.

The second question is whether the Congressional delegation of authority to the United States Attorney General to determine the extent of SORNA's retroactive application violates the nondelegation doctrine. *See* 42 U.S.C. § 16913(d) ("The Attorney General shall have the authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b)."). I endorse the reasoning in *United States v. Gould*, 526 F. Supp. 2d 538, 545-46 (D. Md. 2007), and hold that no violation of the nondelegation doctrine occurred.

Accordingly, Defendant's Motion to Dismiss the Indictment (docket no. 14) is hereby DENIED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

It is so ORDERED.

Entered this 22nd day of December, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE